### RAVEN *v.* LAURENS *et al.*

PER CURIAM. The exception is to the grant of an interlocutory injunction restraining the defendant from erecting a filling-station on his property, on the ground that said property is a part of a subdivision known as

---

Deeds, 18 C. J. p. 394, n. 16, 19; p. 397, n. 61, 62; p. 398, n. 65.

"Morningside," and that all lots in said subdivision, including defendant's, were sold with the restriction against the erection of any building except for "residential purposes only." The evidence shows, without conflict, that the defendant was one of the first purchasers of a lot in said subdivision; that no restrictions were included either in the memorandum contract for the purchase or in the deed to defendant; but that there was a sign placed on the property of defendant in the following words: "This is Morningside, exclusive residential section, with adequate restrictions," which sign remained on said lot until shortly before the filing of the suit, and that its wording was changed from time to time, but always carried the import of restriction to residential purposes. The evidence is in dispute as to the exact time said sign was placed on the property of defendant, and as to whether the defendant had knowledge of said restriction. Objections were made to a large number of affidavits introduced by the plaintiff, on the ground, among others, that they contained sayings of various persons, and especially of a deceased member of the real-estate firm, which were hearsay and inadmissible. *Held:* Without considering portions of the affidavits which were attacked as inadmissible, the evidence authorized the court to find that the entire Morningside subdivision, with the knowledge of all purchasers, including defendant, was restricted to buildings for residential purposes only; that the defendant purchased with such knowledge, and permitted the sign to remain on his lot, advertising such restriction; and that many property-owners in the immediate vicinity purchased homes or building lots on the faith of such restrictions and said sign. In these circumstances the judgment on conflicting evidence will not be disturbed.

*Judgment affirmed. All the Justices concur, except Hill, J., absent.*

No. 5754. SEPTEMBER 29, 1927.

Equitable petition. Before Judge Pomeroy. Fulton superior court. November 3, 1926.

*McElreath & Scott,* for plaintiff in error.

*Gillon & Tomlinson,* contra.